JOHN H. SPRINGER, Respondent, *v.* JULIUS BIEN et al., Appellants.

Neither the verdict of a jury nor the findings of a court in a prior action upon the precise point involved in a subsequent action between the same parties constitute a bar, unless followed by a judgment based thereon, or into which the verdict or findings entered; the judgment is the bar, not the preliminary determination of the court or jury.

So also, although a judgment has been entered in a prior action, it does not prevent the re-litigation of a fact litigated and found in such action, which was wholly irrelevant to the issues therein, and did not enter into and was not involved in the final judgment.

In an action upon a contract, under which plaintiff claimed he was employed by defendants to procure orders for their work and was to receive as compensation a percentage of all the moneys realized from orders so procured, an accounting was asked for of all moneys received subsequent to a certain date on orders obtained by plaintiff prior to leaving defendants' employ, but upon which moneys were not realized until afterwards. Defendants did not specifically deny such contract, but set up as a bar a judgment in a former action brought by them against this plaintiff and others to restrain them from using in the business of a corporation organized by him and such others after he had left defendants' employ, a name, which they claimed to be their trademark, and to the use of which they were exclusively entitled. Upon the trial thereof evidence was given and a finding thereon made to the effect that the ten per cent commission was only to be paid on moneys received on orders placed by the plaintiff herein during his employment. A judgment was entered in favor of the plaintiffs in that action, among other things, enjoining the defendants therein from using said name and also requiring them to account to said plaintiffs for all property which they

had obtained as the agent of said plaintiffs in the name of said company, and a referee was appointed to take and state the account. The defendants here claimed that the judgment in the prior action was a bar. *Held,* untenable; that even if the evidence in the prior action warranted a finding such as was claimed to have been made, such finding was wholly irrelevant to the issues and did not enter into and was not involved in the final judgment therein.

(Argued June 5, 1891; decided June 16, 1891.)

APPEAL from order of the General Term of the Court of Common Pleas of the city and county of New York, made November 10, 1890, which denied a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George F. Danforth* for appellants. The matter now in suit is *res adjudicata.* (*Griffin* v. *L. I. R. R. Co.,* 102 N. Y. 449; *Pray* v. *Hegeman,* 89 id. 351.) The omission of the plaintiff in the first action to state fully the time during which compensation should be payable to Springer and the admission in the answer of the partial statement actually made is unimportant. (*Cowing* v. *Altman,* 79 N. Y. 167; *Teall* v. *E. L. Co.,* 119 id. 654.)

*John W. Boothby* for respondent. The judgment in the Supreme Court action is no bar to the plaintiff's claim here, and is not *res adjudicata* as against the plaintiff upon the question as to what his agreement was with Julius Bien & Company, so far as it affects this action. (*Campbell* v. *Consalus,* 25 N. Y. 613; *People* v. *Johnson,* 38 id. 63; *Stannard* v. *Hubbell,* 123 id. 520.)

ANDREWS, J. The sole point relates to the effect of the judgment in the former action of the present defendants against the present plaintiff and others, as *res adjudicata* upon the question involved in this action.

This action is based upon an alleged employment of the plaintiff by the defendants under a contract that he was to act as their agent in procuring orders for their work, and was to receive as compensation ten per cent on all money realized by

their firm from orders so procured. The relief demanded was an accounting by the defendants of moneys received by them subsequent to March 4, 1889, on orders obtained by the plaintiff before he left their employment, but upon which the moneys were not realized until after that time.

The defendants in their answer do not deny specifically the contract alleged in the complaint, but set up among other defenses the judgment in the prior action as a bar to the claim in the present one.

The former action was brought to restrain the use by the defendants therein of the name of " The Central Lithographing and Engraving Company," in the business of a corporation organized under that name by Springer and others after Springer had left the employment of the defendants. The plaintiffs in that action claimed the name as their trade-mark and that they were exclusively entitled to its use. After issue joined the case was heard before a judge at Special Term, who after the evidence was closed, made findings of fact and law, upon which judgment was entered for the plaintiffs therein among other things enjoining the defendants from using the name of " The Central Lithographing and Engraving Company," and the judgment contained a further provision requiring the defendants and each of them to account to the plaintiffs for all contracts, letters or other property which may have been obtained by the defendant John H. Springer, as the agent of the plaintiffs in the name of " The Central Lithographing and Engraving Company," and for such purpose William J. Fanning was appointed referee to take and state the account. The claim is that this judgment is *res adjudicata* upon the claim for compensation upon which this action is brought. It is said that on the trial of the former action evidence was given as to the terms of the contract for compensation, from which it appeared that the ten per cent commission was only to be paid upon moneys received by the defendants on orders placed by Springer during his employment by Bien & Co., and that moneys received thereafter on orders procured by Springer, but which were unexecuted when his

employment ceased, were not subject to the commission. We are also referred to certain findings made by the trial judge in the former action, which, as claimed, sustain this construction of the contract. It is a sufficient answer to the claim of estoppel by the former judgment, that conceding that the evidence in that action warranted a finding that the present plaintiff was only to have commissions on money actually received during his employment, and that the findings bear the construction contended for, nevertheless, they were wholly irrelevant to the issues and did not enter into and were not involved in the final judgment. Neither the verdict of a jury nor the findings of a court in a prior action upon the precise point involved in a subsequent action between the same parties, constitute a bar unless followed by judgment based thereon, or into which the verdict or finding entered. It is the judgment which constitutes the bar and not the preliminary determination of the court or jury. So also, and for obvious reasons, although judgment has been entered, the judgment does not prevent the re-litigation of any irrelevant fact, although it may have been litigated and found in the prior action. ( *Webb* v. *Buckelew*, 82 N. Y. 555; *Stannard* v. *Hubbell*, 123 id. 528.) The question whether the contract for compensation included commissions on all orders procured by the plaintiff during his employment, upon which moneys should be realized by the defendants at any time, or only on orders procured, upon which money was realized during the employment, was immaterial to the judgment and relief granted in the former action. The accounting provided by the judgment did not embrace the matter of compensation and that question was still open, notwithstanding the judgment, to subsequent controversy. The claim now made is not inconsistent with any matter adjudged in the former action, although it may have been covered by the evidence and embraced in the findings.

We think the judgment of *res adjudicata* was properly disposed of below and the order should, therefore, be affirmed.

All concur.

Order affirmed.