GEORGE A. LANCE, as Temporary Receiver of THE SHERIDAN SCOTCH CAP COMPANY, Respondent, v. PATRICK J. SHAUGHNESSY, Appellant.

*Estoppel by judgment — former adjudication — findings not included in the former judgment — preferences under the Stock Corporation Act, Laws of 1892, chap. 688, § 48.*

The findings of a court in a former action, upon the precise point involved in a subsequent one between the same parties, constitute no bar unless followed by a judgment based thereon. The judgment, not the preliminary determination of the court, is the bar.

The judgment is final as to such facts as are litigated and decided therein, and which have such a relation to the issue that their determination was necessary to its determination.

Where a former action was brought by the receiver of a corporation to set aside a judgment obtained by the defendant against the corporation upon the ground that the recovery was collusive and the corporation insolvent, and the court found therein that a payment in question was made in good faith, but the judgment entered in such action contained no findings relative to the payment, such judgment is not a bar to an action in which such receiver claims that the same payment was made in violation of the Stock Corporation Law of 1892 (Chap. 688, § 48) forbidding an insolvent corporation from making any payment with an intent to give a preference to any particular creditor over other creditors of the corporation.

APPEAL by the defendant, Patrick J. Shaughnessy, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 18th day of May, 1894, upon the verdict of a jury rendered after a trial at Oneida Circuit, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 16th day of May, 1894, denying the defendant's motion for a new trial made upon the minutes.

*William E. Lewis*, for the appellant.

*Jones & Townsend*, for the respondent.

MARTIN, J.:

The sole purpose of this action was to recover of the defendant the sum of $1,500 and interest, upon the ground that it was paid to the defendant by an insolvent corporation with the intent of giving him a preference over its other creditors.

The action was based upon the provision of section 48 of the Stock Corporation Law (Laws 1892, chap. 688) which declares: "No conveyance, assignment or transfer of any property of any such corporation, by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid. Every person receiving by means of any such prohibited act or deed any property of the corporation, shall be bound to account therefor to its creditors or stockholders or other trustees. * * * Every transfer or assignment, or other act done in violation of the foregoing provisions of this section, shall be void."

At the time of the payment the defendant held a note of $4,000 against the Sheridan Scotch Cap Company, a domestic corporation organized under chapter 40 of the Laws of 1848, and subsequent acts amendatory thereof and supplemental thereto. That corporation was, in fact, insolvent at the time. The note held by the defendant was given July 14, 1892, dated on that day, and made payable ten days after its date. A suit thereon against the corporation had been commenced more than twenty days before the payment was made and the corporation had made default in answering, so that a judgment might have been properly entered upon that day. After the payment, and on the following day, the defendant entered a judgment for $2,541.84, being the amount of the defendant's note, interest and costs, less the $1,500 so paid thereon. Upon the same day, August twentieth, proceedings were instituted by a majority of its stockholders for a voluntary dissolution of the corporation on the ground of insolvency, and the plaintiff was subsequently appointed as temporary receiver.

An examination of the evidence given upon the trial of this action renders it quite obvious that it was sufficient to sustain the finding of the jury that the payment in question was made when the corporation was insolvent and with the intent of giving a preference to the defendant over its other creditors.

The sole question presented upon this appeal relates to the validity of the defendant's exception to the ruling of the court in excluding

the judgment roll in a former action by the plaintiff against the defendant and the sheriff of Oneida county. The judgment roll which was offered in evidence shows that that action was brought by the plaintiff against the defendant and John C. Schreiber, as sheriff of Oneida county, to set aside the judgment obtained by the defendant against such corporation, and also to set aside and vacate a levy which had been made by the defendant, the sheriff, upon its property under and by virtue of an execution issued upon such judgment. The ground upon which in that action the plaintiff sought to set aside the judgment was that the corporation was insolvent and that the judgment was suffered to be taken by default by the officers of the corporation in contemplation of its insolvency and by collusion with the defendant. The relief asked therein was that the judgment and levy be set aside and vacated, and that the property so levied upon be awarded to the plaintiff. The defendants in that action interposed answers which, so far as material here, put in issue the allegations of the complaint that such judgment was permitted to be taken by default by the officers of such corporation in contemplation of insolvency or by collusion between the defendant and such officers.

The issues in that case were tried at a Special Term and the court, among other matters, found that the payment in question in the present action was made in good faith; that the officers of the corporation did not act in collusion with the defendant in the matter of such payment, and that it was not made with the intent of giving a preference to the defendant over other creditors of such corporation. The judgment entered in pursuance of such findings adjudged that the plaintiff had failed to make out a cause of action against the defendant, and that the defendant Schreiber, as such sheriff, pay over to the defendant Shaughnessy the proceeds of the sale upon such execution, but contained nothing in relation to the payment under consideration. The court having in the former action found in the defendant's favor upon the precise question at issue in the present case, the question is whether the judgment in that case was conclusive evidence against the plaintiff.

The claim of the respondent that this ruling should be sustained upon the ground that the former judgment was not set up in the answer as a bar to this action ought not, we think, to be upheld.

An examination of the appeal book discloses that the judgment roll was offered in evidence and objected to as inadmissible and incompetent under the pleadings, when the court remarked : "The only purpose of it is upon the ground of estoppel, is it not?" To which the counsel for the defendant then said : "Yes, sir. Our idea is that the judgment is evidence and conclusive evidence. We do not have to plead it." Although the defendant's counsel answered the question of the court in the affirmative, from what he added it is manifest that he was seeking to introduce the judgment roll as conclusive evidence against the plaintiff and not to establish a technical estoppel, and the court must have so understood it. The court, however, sustained the objection and the defendant excepted. If this judgment was conclusive between the parties as to the question in issue in this case, we are clearly of the opinion that the court erred in excluding it. For although the record of a former judgment is not admissible as constituting a bar or an estoppel to an action without being pleaded, yet when the issues in an action have been adjudicated in a former action between the parties the judgment in the former action is proper as evidence of the facts established thereby, although not pleaded, and as evidence is conclusive in an action between the same parties. (*Krekeler* v. *Ritter*, 62 N. Y. 372.)

Thus we are led to the consideration of the question whether the former judgment was a bar to this action. As we have already seen, the sole purpose of the former action was to set aside the judgment obtained by the defendant and the levy made by the sheriff. The judgment entered in that action was to that effect only. It contained no adjudication as to the validity of the payment made to the defendant. Under such circumstances we think the former judgment was not conclusive evidence against the plaintiff, and in no way affected his rights of recovery.

The findings of a court in a former action upon the precise point involved in a subsequent one between the same parties constitute no bar unless followed by a judgment based thereon. The judgment is the bar and not the preliminary determination of the court. (*Springer* v. *Bien*, 128 N. Y. 99.) It is only the material, relevant and necessary facts which are decided in an action that are conclusively determined thereby. A judgment does not operate as an

estoppel in a subsequent action between the parties as to immaterial and unessential facts, even though put in issue by the pleadings and directly decided. It is final as to such facts as are litigated and decided therein, which have such a relation to the issue that their determination was necessary to the determination of that issue. (*Stannard* v. *Hubbell*, 123 N. Y. 530; *House* v. *Lockwood*, 137 id. 259.)

Applying the doctrine of these cases to the question before us, it becomes apparent that the judgment roll offered in evidence was not evidence upon the questions at issue in this action. In the former action the question whether the $1,500 was paid with or without an intent to give the defendant preference over the other creditors of the corporation, was immaterial and unessential to the determination of the question of the validity of the defendant's judgment and the subsequent proceedings under it. It follows, therefore, that the court committed no error in rejecting the judgment roll offered which would justify us in reversing the plaintiff's judgment.

As no other questions are raised by the appellant, it follows that the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.