### AMERICAN RADIATOR CO. v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. APPEAL—MODIFICATION OF JUDGMENT—STRIKING OUT ERRONEOUS FINDINGS.

Where, in a suit involving the right to a sum due a subcontractor under a contract with the principal contractor, claimed by an assignee of the subcontractor and by the subcontractor's trustee in bankruptcy, the undisputed evidence showed that after the assignment and on the faith thereof the assignee made advances to the subcontractor in excess of the sum due under the contract, and that such advances remained unpaid, a judgment awarding that sum to the assignee could not be reversed because the court made unnecessary findings, based on an accounting between the subcontractor and the assignee, and embodied such findings in the judgment, but the unnecessary findings would be stricken from the judgment.

2. JUDGMENT—RES JUDICATA—UNNECESSARY FINDINGS.

Findings which do not necessarily enter into the judgment are not res judicata between the parties.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1268.]

Appeal from Special Term.

Action by the American Radiator Company against the city of New York and others. From a judgment in favor of defendant the Capital Company against defendant Charles P. Wortman, as trustee in bankruptcy of William N. Tobin, said defendant Wortman appeals. Modified, and, as modified, affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Oliver D. Burden, for appellant.
Henry B. Johnson, for respondent.

LAUGHLIN, J. The action was brought to foreclose a municipal lien, filed by the plaintiff on the 1st day of May, 1906, against the fund due or to grow due under a contract made by Charles Meads & Co. with the city of New York for the erection of public school No. 45 in the borough of Brooklyn. The contractor sublet the work of furnishing the labor and material necessary to install and complete the steam heating according to the plans and specifications to the bankrupt for the agreed price and consideration of $2,600. The plaintiff, pursuant to a contract with the bankrupt by which the latter agreed to pay therefor the sum of $416.39, furnished a sectional steam boiler, which was installed in the performance of the contract work. No part of this consideration was paid to the plaintiff, and the lien was filed for the whole amount. At the time of filing the plaintiff's lien there had been duly paid by Charles Meads & Co., on account of the contract with the bankrupt, the entire contract price of the work, with the exception of $1,187.56, which subsequently became due and owing on the contract with the bankrupt and was paid into court by Charles Meads & Co. on the 14th day of February, 1907, pursuant to an order made on consent of all parties. There was no controversy with respect to the amount remaining unpaid on the contract between the bankrupt

and Charles Meads & Co. at the time of filing of the lien. On the 19th day of April, 1906, the bankrupt made two assignments to the Capital Company. One of these related only to his contract with Charles Meads & Co., and in and by it he assigned the moneys due and to grow due to him thereunder. The other embraced the moneys due and to grow due to the bankrupt under that and other contracts and accounts. The consideration stated in each was $1 and other good and valuable considerations. The assignment, embracing more than the Charles Meads & Co. contract, contained a clause to the effect that it was understood and agreed that it was made to secure the Capital Company—

"the repayment of the sum of $10,000, with interest, this day loaned by the said the Capital Company to said William N. Tobin, and upon payment in full of said loan, with interest thereon, the said William N. Tobin shall be entitled to a reassignment of said accounts, or so many of them as shall not have been paid."

These assignments were duly filed by the Capital Company on the 1st day of May thereafter, and prior to the filing of the plaintiff's notice of lien. The court decided that the claim of the Capital Company under these assignments was superior to the claim of the plaintiff and to its rights under its notice of lien, and from the judgment there has been no appeal by the plaintiff. The controversy presented by the appeal is between the trustee in bankruptcy and the Capital Company. The answer of the Capital Company was duly served on the trustee, and in the answer it set forth its business relations with the bankrupt and facts tending to show that there remained due and owing it from the bankrupt under the assignments the sum of $9,250, together with interest thereon from the 5th day of April, 1906, and also interest on $10,000 from the 28th day of February, 1906, to the 5th day of April, 1906, and it demanded in its prayer for relief that Charles Meads & Co. and the bankrupt be adjudged to pay that amount to it, "or so much of said sums as the amounts ascertained and fixed" as due and unpaid under the contract between the city of New York and Charles Meads & Co. and between William N. Tobin and Charles Meads & Co. would cover. The answer of the Capital Company also contained the usual prayer for other and further relief and for judgment for costs. It did not, however, demand an adjudication between it and the bankrupt as to the amount due and owing to it from him under the assignments, and therefore that was not in issue, excepting to the extent necessary to decide which of them was entitled to the balance paid into court by Charles Meads & Co. The court found that the amount paid into court by Charles Meads & Co. as aforesaid was the amount due and owing from them to the bankrupt under the contract between them, and decreed that the Capital Company have judgment therefor, together with any accrued interest thereon, less the fees of the chamberlain, and that it recover costs of the trustee in bankruptcy. At the time of the execution of these assignments the bankrupt made and delivered to the Capital Company his two promissory notes, payable to its order, one for $9,000 and one for $1,000, in renewal of an outstanding note for advances made by the Capital Company and for advances made which were not represented by a note and for advances

to be made thereafter. The assignments were intended as security for these notes and for moneys to be thereafter advanced by the Capital Company to the bankrupt. The undisputed evidence is that after the assignments were made the Capital Company advanced to the bankrupt on the strength and security thereof the sum of $3,537.42, and received on account of collections under the assignments the sum of $1,376.99, leaving the amount of $2,160.43 advanced by the Capital Company on the strength and security of these assignments after they were made, which had not been repaid at the time of the trial of the issues.

The trustee attacks the validity of the assignments as security for the notes and claims that the notes were usurious and void. Considerable evidence was taken upon this subject, and the court reached the determination that neither the notes nor any part of the consideration was tainted with usury, and in effect took an accounting between the Capital Company and the bankrupt, and found that the bankrupt owed the Capital Company on the 1st day of May, 1906, the sum of $11,000 "and upwards, besides interest," and that there was due and owing to the Capital Company, upon advances made to the bankrupt on the security of the assigned property, the sum of $11,315.86 and interest thereon from the 9th day of May, 1906. Inasmuch as the undisputed evidence showed that the Capital Company advanced under the assignments more than the amount owing to the bankrupt under his contract with Charles Meads & Co. and recoverable in this action, for which, in any event, the assignments would be valid, it was unnecessary to the determination of the issues to take an accounting between the parties or to decide the questions raised with respect to the validity of the assignments so far as they related to the notes and other past indebtedness. It was sufficient for a decision of the issues in this action to determine that the Capital Company, on account of advances made to the bankrupt under the assignments, was entitled to the balance due under the contract, and the other questions might well have been left to be determined when necessarily presented for adjudication. Since, in any view of the case, however, the Capital Company was entitled to the balance owing on the contract between the bankrupt and Charles Meads & Co., there is no authority for reversing the judgment on account of an unnecessary finding. These unnecessary findings were unnecessarily reiterated in the judgment. We are of opinion that the judgment should be modified by striking them therefrom, and then, doubtless, under the rule that findings which do not necessarily enter into the judgment are not res adjudicata between the parties, the judgment will not be res adjudicata upon those issues. Springer v. Bien et al., 128 N. Y. 99, 27 N. E. 1076; Lance v. Shaughnessy, 86 Hun, 411, 33 N. Y. Supp. 515, affirmed 153 N. Y. 653, 47 N. E. 1008; Rudd v. Cornell, 171 N. Y. 114–129, 63 N. E. 823; Thorn v. Breteuil, 86 App. Div. 405–428, 83 N. Y. Supp. 849.

Judgment is therefore modified by striking from paragraph No. 4 thereof the words "which are hereby fixed and adjudged to be the sum of $11,315.86 and interest from May 9, 1906," and, as modified, affirmed, without costs of the appeal to either party. All concur.