In the Matter of the Final Judicial Settlement of the Accounts of GEORGE M. CLAPP, as Sole Surviving Trustee under the Last Will and Testament of BENJAMIN CLAPP, Deceased.

WARREN E. CLAPP and Others, Appellants; GEORGE M. CLAPP, as Trustee, and Others, Respondents.

Second Department, March 9, 1917.

Will — contingent estate — gift of income from trust fund to son for life with remainder to grandson — effect of death of grandson prior to his father.

Provisions of a will under which the testator gave his sons the income from a trust fund during their lives, examined, and *held*, that the gift to a grandson was contingent upon his surviving his father, and if it vested at all before the death of the testator's son it was divested upon the death of the grandson prior to the death of his father.

APPEAL by Warren E. Clapp and others from parts of a decree of the Surrogate's Court of the county of Dutchess, entered in the office of said Surrogate's Court on the 1st day of June, 1915.

*Herbert F. Goodale* [*Charles W. Boote*, special guardian, with him on the brief], for the appellants.

*N. Otis Rockwood* [*M. Glenn Folger* with him on the brief], for the respondent trustee.

*Raymond E. Aldrich* [*W. E. Hoysradt* with him on the brief], for the respondent the Fallkill National Bank of Poughkeepsie.

JENKS, P. J.:

This is an appeal by the children of Benjamin Clapp, deceased, from a decree of the Surrogate's Court that determines that the portion of the estate to which Benjamin F. Clapp would have been entitled if living, was a vested estate and is properly applicable to the payment of his deficiency as trustee of said estate, and makes such application. The correctness of this decree involves construction of the 6th paragraph of the will of Benjamin Clapp, the father of Clinton W. Clapp, who was the father of the said Benjamin F. Clapp. The paragraph reads as follows:

" After paying all my debts and funeral expenses and after paying over and retaining in their hands sufficient assets to pay and meet the foregoing bequests and payments and to carry out fully and truly the full and true intent of this my last will and testament, I direct my executors hereinafter named to deliver over and deposit in the New York Life Insurance and Trust Co. or some other Trust Company of good standing in the city of New York to be approved of by my executors, all my bonds stocks mortgages and other securities IN TRUST to be held and reinvested by said Company as hereinafter provided in the name of my estate and kept by them separate and distinct from the property of said Trust Co. they to receive the interest dividends and income thereof and pay the same semi-annually and equally to my sons George H. Clapp Jason F. Clapp and Clinton W. Clapp for and during the term of their natural lives, and on the death of each of my several sons the said Company shall hold and pay over the one third of the principal fund in their hands as follows: viz. three quarters of said one third to the children or their guardian of the one so dying share and share alike, and retain the remaining quarter in their hands upon the further trust to pay the interest and income thereof to the widow of my son so dying during the time she remains his widow and single, and on her death to pay the said principal sum ($\frac{1}{4}$ of $\frac{1}{3}$) over to the said children of the one so dying or their heirs, share and share alike, and in case there should be no widow, then the whole one third to be paid immediately over to the children or their heirs of the one so dying, share and share alike, this provision to apply to all my above named sons. The said Trust Company to have the right to sell or change any of the securities and reinvest the same upon the consent of my said Executors or a majority of them."

No other part of the will is germane to the question now presented.

The said Clinton W. Clapp survived his said son, Benjamin F. Clapp, and when he died left no widow. We are of opinion that the gift to Benjamin F. Clapp was contingent upon survivorship of his father, Clinton W. Clapp, and if it " vested " at all before the time of distribution, namely, the death of Clinton W. Clapp, it was divested upon the death of Benjamin F. Clapp

prior to the death of his father, Clinton W. Clapp. (*Rudd* v. *Cornell*, 171 N. Y. 114, 122; *Matter of Baer*, 147 id. 348, 353; *Campbell* v. *Stokes*, 142 id. 23.)

The decree of the Surrogate's Court of Dutchess county, in so far as appealed from, is reversed, with costs to the appellants payable out of the estate, and the matter is remitted to the Surrogate's Court for further disposition in accord with this opinion.

THOMAS, MILLS and PUTNAM, JJ., concurred.

Decree of the Surrogate's Court of Dutchess county, in so far as appealed from, reversed, with costs to the appellants payable out of the estate, and matter remitted to said court for further disposition in accord with opinion.