In the Matter of the Estate of WILLIAM A. TIERNEY, Deceased.

Surrogate's Court, Saratoga County, June 17, 1941.

*George E. O'Connor,* for Louis Breslin and Mary C. Greenhalgh, as executors, etc.

*Edward McCormick,* for Madalyn A. Ford.

TUCK, S. This is a proceeding brought under the provisions of section 124 of the Decedent Estate Law to prorate among the persons interested in the estate the amount of Federal estate taxes and the State tax under article 10-C of the Tax Law.

A question arises here by reason of the determination of the Federal taxing authorities in respect to the value of a certain claim of the estate against one Armitage and also a $5,000 exemption. The Armitage claim has been assessed by the Federal authorities as having a value of $12,000. The State taxing authorities have fixed the value of the Armitage claim at $1,500 and have allowed the $5,000 exemption.

It is the claim of the executors that under the provision of section 124 the proration of the Federal tax should be upon the basis of the total amount of the estate as determined by the Federal taxing authorities and that the proration of the State tax should be upon the basis of the total amount of the estate as determined by the State taxing authorities.

The respondent, Madalyn A. Ford, also raises the question whether a valuation settled for the purposes of taxation can be placed in issue for a second time on an application to allocate the tax assessed.

This question is disposed of at this time by the opinion of the

court that the determination of the Federal taxing authorities is not *res judicata* in this proceeding.

In the proceeding before the Federal taxing authorities the respondent, Madalyn A. Ford, was not a party. Consequently the same question is not presented to the court for a second time between the same parties and does not become *res judicata*. (*Rudd* v. *Cornell*, 171 N. Y. 114; *Schuylkill Fuel Co.* v. *Nieberg Realty Corp.*, 250 id. 304.)

The provisions of section 124 of the Decedent Estate Law direct that " the amount of the tax so paid    *    *    *    shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues. Such proration shall be made by the surrogate in the proportion, as near as may be, that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate, except that in making such proration allowances shall be made for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate;    *    *    *."

It seems to this court that the spirit as well as the letter of the statute requires that the proration be fixed as to the Federal tax upon the total value of the estate as determined by the Federal taxing authorities and as to the State tax upon the total fixed by the State taxing authorities and that the proposed proration of the executors correctly carries out the intent of the statute.

Submit order accordingly, upon notice.