Van Voorhis, J.
(dissenting). Appellant has filed a claim against the State of New York for compensation for trespass upon its real property on Palmer Avenue, Westchester County, in connection with the construction of the Sprain Brook Parkway in Yonkers. It is undisputed that in the erection of a bridge *567 over this parkway piles were driven into the ground on claimant’s premises which entail damage to its apartment house.
The State seeks to escape from the obligation of the constitutional requirement that it pay just compensation by reason of an abortive lawsuit previously brought by this claimant against the general contractor and pile-driving subcontractor. In that action, the trial court charged the jury: “ That if the jury finds the sole proximate cause for the alleged damage to Plaintiff was the failure of State’s engineers to properly design the structures of the Sprain Brook Parkway and for the failure of the State’s consulting engineers to properly supervise the erection of said parkway, the Defendants canuot be held liable.”
The court acted upon the statement of the counsel for the contractors: ‘ ‘ Besides which there is no question but that the State is liable for the taking and for consequential damages, if any, from the taking. ’ ’
This instruction was coupled with others which established the law of the case to be that this claimant could not recover against the general contractor and subcontractor regardless of whether there was in fact a trespass upon claimant’s land, if the piles were driven upon claimant’s premises in accordance with the plans and by reason of the design for the structure prepared by the State.
In rendering a verdict for the general contractor and subcontractor, the jury were not required to find that there had been no trespass; indeed, they could scarcely have determined that in view of the undisputed evidence that the State has appropriated part of claimant’s real property. The verdict of no cause of action could have been, and clearly was, rendered upon the theory that the general contractor and the pile-driving subcontractor could not be held liable even though they were upon claimant’s land, if this was done by the command of the State in the performance of the general contract with the State calling for such an encroachment. The law of the case in that action, therefore, was (correctly or incorrectly) that the State was the party responsible to claimant and that it was not the responsibility of the contractor or the subcontractor to pay for acquiring the necessary real property or easements and that they could not be held liable if they merely did what the State required.
*568 Now the State seeks, thus far successfully, to he exonerated from paying just compensation on the basis that the judgment in favor of the contractor and subcontractor in the former action is res judicata. To hold that, in my view, violates the basic principles of the law upon this subject. It is well established that the bar of a former judgment operates only to the extent that the crucial issue was decided. It is true enough that the bar of the former adjudication extends to whatever was necessarily decided in rendering the judgment, even though it was not explicitly mentioned in the pleadings, briefs or opinion (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304, and cases cited). That does not alter the circumstance that the former judgment is ‘ ‘ final only as to such facts as are litigated and decided ’ ’ and were ‘ ‘ involved in the final judgment. ’ ’ (Rudd v. Cornell, 171 N. Y. 114, 128-129; Springer v. Bien, 128 N. Y. 99; Lance v. Shaughnessy, 86 Hun 411, affd. on opn. below 153 N. Y. 653).
The essence of res judicata is that the controlling issue, whether of fact or of law, has been decided between the parties by a competent tribunal. It makes no difference whether it was decided correctly or otherwise. The bar of res judicata is effective, if the point was decided, notwithstanding that the judgment-may have been clearly erroneous. (Matter of New York State Labor Relations Bd. v. Holland Laundry, 294 N. Y. 480; Ripley v. Storer, 309 N. Y. 506; Gelb v. Mazzeo, 5 A D 2d 10.)
The converse is inherent in this reasoning that the former judgment does not operate in bar if, correctly or incorrectly, it excluded the .subsequent controversy from its determination. Eight or wrong, the former adjudication stands for what it is. In Black on Judgments (2d ed., Yol. II, § 616, p. 940) it is said: “ This conclusion [that the former adjudication is not a bar] follows also, on even stronger reasons, when the record shows that the particular point or question was excluded from the consideration of the jury” (citing Thomas v. Hite, 5 B. Mon. [Ky.] 590).
In the present situation, indisputably the judgment in the prior action against the contractors excluded from its ambit the issue which is involved here. Definitely that judgment did not decide that there was no trespass upon claimant’s land; it *569 simply held that the contractors were not liable for it if the State was responsible for it. ‘ ‘ Matters which have not been expressly, impliedly, or necessarily determined are not concluded by the judgment in a prior suit between the parties” (50 C. J. S., Judgments, § 712, p. 174). It was not incumbent upon claimant to have appealed the judgment in favor of the contractors in order to save its rights against the State. The effect of the decision about to be rendered is that claimant is bound not by the determination expressed in the judgment in the action against the contractors, but by what that judgment would have been if that action had been correctly decided. Such a basis for decision is foreign to the law of res judicata, which depends not upon what the judgment ought to have decided or might have decided, but what it did determine.
In application of the doctrine of res judicata it is immaterial whether that interpretation of the law was correct. Even if it was erroneous, the decision in that action can have no greater effect here than to stand for what it actually decided. It did not decide that there had been no trespass by the State or the commission. It simply held that if there was, there could be no recovery against the contractors if they merely carried out the command of the State and the commission. “Whether the law as applied in that action was right or wrong, the judgment in that action does not decide this case.
The order appealed from dismissing the trespass claims should be reversed and the order of the Court of Claims denying the motion as to them should be reinstated, and the judgments of dismissal entered upon the Appellate Division order should be reversed.
Chief Judge Desmond and Judges Burke, Sceleppi and Keating concur with Judge Bergan, Judge Keating in a separate opinion; Judge Van Voorhis dissents and votes to reverse in an opinion in which Judge Fudd concurs.
Order affirmed.