■ In the Matter of GREATER CONTINENTAL CORPORATION, Appellant, v. MARVIN SCHECHTER, Respondent.— In this proceeding pursuant to CPLR 7503 (subd. [b]) to stay arbitration and vacate respondent's demand for arbitration, petitioner appeals from an order of the Supreme Court, Nassau County, dated November 5, 1969, which denied the application. Order reversed, on the law, with $10 costs and disbursements, and proceeding remitted to the Special Term for a determination on the merits of petitioner's claim that a valid employment agreement did not exist between the parties. The questions of fact have not been considered. The Special Term denied the motion solely on the basis of *res judicata*, holding that it was bound by a determination in an action between the parties in the United States District Court, Southern District of New York, which denied a motion by this same petitioner for an identical stay of arbitration (*Greater Continental Corp.* v. *Schechter*, 304 F. Supp. 325). In our opinion, the District Court determined only that that court did not have exclusive jurisdiction to grant injunctive relief relative to the employment agreement between the parties since it did not come under any of the provisions of the Securities Exchange Act of 1934 relied on by petitioner for the relief sought. The District Court did not and could not reach the additional claim, made for the first time by petitioner at the Special Term, that CPLR 7503 (subd. [b]) required the validity of the agreement to be judicially tested before arbitration could proceed. Accordingly, it was error for the Special Term to deny the application for a stay on the ground of *res judicata* (*Schuylkill Fuel Oil Corp.*

v. *Neiberg Realty Corp.*, 250 N. Y. 304; *Rudd* v. *Cornell*, 171 N. Y. 114).
Christ, P. J., Rabin, Hopkins, Munder and Brennan, JJ., concur.