(78 Misc. Rep. 466.)

ZEREGA v. ZEREGA et al.

(Supreme Court, Special Term, New York County. December 10, 1912.)

1. JUDGMENT (§ 740*)—RES JUDICATA—FINDINGS OF REFEREE—EFFECT.

Where the judgment in a former action is wholly immaterial on the issues of a subsequent action, the findings of the referee in the former action are of no effect, except so far as they can be seen to have been the foundation for the judgment in the prior action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1268; Dec. Dig. § 740.*]

2. DESCENT AND DISTRIBUTION (§ 100*)—ADVANCEMENT—EVIDENCE.

Where a husband was a party with his wife in a mortgage of her property, and covenanted to pay interest and taxes, the mere fact that his mother paid the charges in the absence of any request on his part so to do, did not show an advancement for his account.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 403; Dec. Dig. § 100.*]

3. DESCENT AND DISTRIBUTION (§ 100*)—ADVANCEMENT—EVIDENCE.

Where a husband, joining with his wife in a mortgage and covenanting to pay interest and taxes, received a check from his mother for the payment of mortgage interest, and filled in his own name in the body of the check as alternative payee, and subsequently indorsed the check over to the mortgagee and took a receipt for the payment as having been made by him, there was an advancement to him, which the mother's executrix was entitled to recover.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 403; Dec. Dig. § 100.*]

Action to enforce a trust by Augusta Florence Zerega, as executrix, against Katherine Berry Zerega and another. Judgment for plaintiff.

Samuel Huntington, of New York City (George H. Fletcher, of New York City, of counsel), for plaintiff.

John A. Dutton, of New York City, for defendants.

GIEGERICH, J. [1] The provisions of the judgment in the former action appear to be wholly immaterial upon the issues of the present action, and the findings of the referee are of no effect, except in so far as they can be seen to have been the foundation for the adjudications upon the issues in that action. Springer v. Bien, 128 N. Y. 99, 27 N. E. 1076; Rudd v. Cornell, 171 N. Y. 114, 63 N. E. 823. The matter pleaded and proved by way of defense is therefore insufficient to defeat the cause of action pleaded in the complaint. I think, however, that with a single exception the plaintiff has failed to prove that the several payments made by her testatrix, and for which she seeks to recover, were advances made for the account of John A. Zerega, the son of the testatrix.

[2] The leasehold, against which charges for ground rent, taxes, and mortgage interest accrued, was the property, not of John A. Zerega, but of his wife. The house erected upon the land covered by the lease was not occupied by John A. Zerega, or his wife, but was, at the time the alleged payments are claimed to have been made, oc-

cupied by a tenant. While it is true that John A. Zerega was a party to the mortgage, and with his wife covenanted to pay the interest and taxes, still the mere fact that the plaintiff's testatrix paid these charges, in the absence of proof of any request on the part of her son, is, to say the least, quite as consistent with the theory that the advances were made for the account of the wife, who was the owner of the property, as that they were made for the account of the son. It would have been a very simple matter to have taken proper acknowledgments for any advances made by the testatrix to her son, and the court cannot in any event resort to conjecture or surmise to supply deficiencies in the proof, which, if they exist at all, are chargeable solely to the indifference or neglect of the parties concerned in the transactions. As to the payments made in settlement of the various bills for merchandise, it does not appear either that these bills represented valid obligations of John A. Zerega, or that they were paid at his request.

[3] With regard to the payment of the sum of $450 on account of mortgage interest, however, I think the case is different; for in that case John A. Zerega filled in his own name in the body of the check as an alternative payee, and the check was subsequently indorsed over by him to the mortgagee and a receipt taken for the payment as having been made by him. This transaction, I think, sufficiently shows an advance to John A. Zerega, which the plaintiff is accordingly entitled to recover, with costs.

Requests for findings may be submitted by either party, with proof of service on the other side, within five days after the publication of this memorandum.