LOUIS KARAMEROS, Appellant, *v.* EMMA LUTHER, Respondent.

Argued October 14, 1938; decided November 29, 1938.

*George A. Hopkins, Edward Norwalk* and *George J. Chryssikos* for appellant. Plaintiff has established a cause of action for a decree declaring his marriage a nullity. (*Karameros* v. *Luther*, 166 Misc. Rep. 376; 254 App. Div. 845; *Pettit* v. *Pettit*, 105 App. Div. 312; *Bamberger* v. *Bamberger*, 128 Misc. Rep. 1; *Spyros* v. *Spyros*, 142 Misc. Rep. 802; *McCullen* v. *McCullen*, 162 App. Div. 599; *Hervey* v. *Hervey*, 92 N. Y. Supp. 218.) The rule that a judgment is conclusive not only upon the questions actually decided but upon all matters which might have been litigated and decided in the same suit is limited solely to those facts which were necessary to the determination of the issue, and the rule does not include such facts as are not necessary to uphold the former judgment even though such judgment may, in express terms, profess to affirm a particular fact immaterial to the issue and upon which the controversy did not turn. (*Rudd* v. *Cornell*, 171 N. Y. 114; *Reynolds* v. *Ætna Life Ins. Co.*, 160 N. Y. 635; *People ex rel. Reilly* v. *Johnson*, 38 N. Y. 63; *House* v. *Lockwood*, 137 N. Y. 259; *Stannard* v. *Hubbell*, 123 N. Y. 520; *Shaw* v. *Broadbent*, 129 N. Y. 114; *Converse* v. *Sickles*, 146 N. Y. 200; *Genet* v. *Delaware & Hudson Canal Co.*, 163 N. Y. 173; 170 N. Y. 278; *Griffen* v. *Keese*, 187 N. Y. 454; *Shepard Co.* v. *Taylor Pub. Co.*, 198 App. Div. 638; *Norris* v. *Hoffman*, 133 App. Div. 596; *Silberstein* v. *Silberstein*, 218 N. Y. 525; *Matter of Anderson*, 211 N. Y. 136.) This suit, although between the same parties, is predicated upon a cause of action different from that involved in the previous action. (*Goldstein* v. *Mantell*, 155 Misc. Rep. 692; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*,

250 N. Y. 304; *Wille* v. *Maier,* 256 N. Y. 465.) The plea of estoppel by former judgment cannot be invoked for the reason that the validity of the marriage relationship between the parties was not litigated in the previous action and determination of that question was not necessary or essential to the judgment entered therein. (*Warshor* v. *Warshor,* 130 Misc. Rep. 262; *Goodwin* v. *Goodwin,* 80 Misc. Rep. 303; 158 App. Div. 171; *Jones* v. *Jones,* 108 N. Y. 415; *Silberstein* v. *Silberstein,* 218 N. Y. 525; *Townsend* v. *Van Buskirk,* 22 App. Div. 441; *Springer* v. *Bien,* 128 N. Y. 99; *Earle* v. *Earle,* 141 App. Div. 611; *Reynolds* v. *Ætna Life Ins. Co.,* 160 N. Y. 635; *People ex rel. Reilly* v. *Johnson,* 38 N. Y. 63; *House* v. *Lockwood,* 137 N. Y. 259; *Rudd* v. *Cornell,* 171 N. Y. 114; *Stannard* v. *Hubbell,* 123 N. Y. 520; *Irving Nat. Bank* v. *Law,* 10 Fed. Rep. [2d] 721.)

*Nathan Feldman* and *Melville Taylor* for respondent. The judgment and findings are final and conclusive upon the parties, not only as to the issues actually determined, but as to every other question which the parties might or ought to have litigated, except as to immaterial and unessential facts. (*Rudd* v. *Cornell,* 171 N. Y. 114; *Warshor* v. *Warshor,* 130 Misc. Rep. 262.) It is immaterial that the affirmative relief sought in the previous action is different from the affirmative relief sought in the case at bar. (*Warshor* v. *Warshor,* 130 Misc. Rep. 262.) The finding of fact that these parties are married was a determination of a question which was necessary and essential to the prior separation action. (*Durham* v. *Durham,* 99 App. Div. 450; *Warshor* v. *Warshor,* 130 Misc. Rep. 262.) The issue of the marriage of the parties has heretofore been determined, and said determination is *res judicata* to this action. (*Buffalo Fire Appliance Corp.* v. *City of Norwich,* 156 Misc. Rep. 486; *Rudd* v. *Cornell,* 171 N. Y. 114; *Metropolitan Life Ins. Co.* v. *Shapiro,* 163 Misc. Rep. 76; *Stokes* v. *Foote,*

172 N. Y. 327; *Matter of Baker*, 249 App. Div. 265; *Fischer* v. *Fischer*, 254 N. Y. 463; *Lance* v. *Shaughnessy*, 86 Hun, 411; *Erie R. R. Co.* v. *International Ry. Co.*, 209 App. Div. 380; 239 N. Y. 598; *Durham* v. *Durham*, 99 App. Div. 450; *Townsend* v. *Van Buskirk*, 22 App. Div. 441; *Warshor* v. *Warshor*, 130 Misc. Rep. 262; *Eissing Chemical Co.* v. *People's Nat. Bank*, 205 App. Div. 89.)

FINCH, J. This action was brought by the plaintiff, Louis Karameros, against Emma Luther for a decree declaring null and void a ceremonial marriage entered into between them in Connecticut on August 16, 1931. On this appeal it is not contested that the defendant lacked the capacity to marry at the time of the ceremonial marriage in 1931, since a final decree of divorce to her from a prior husband had not been granted. Nor is it disputed that the defendant is bound by the determination of the courts that she never entered into a common-law marriage with the plaintiff. It was held, however, at Special Term, and affirmed in the Appellate Division, with one justice dissenting, that a finding of fact in a prior action between the parties to the effect that the plaintiff and defendant were married in 1931 is *res judicata* on that question.

The sole question on this appeal is whether the finding in this prior suit is decisive of the issue of marriage although, in the absence of that finding, the courts would rule that the parties never were married. This finding in the prior suit arose as follows:

In 1935 the defendant, Emma Luther, sued the plaintiff, Louis Karameros, for separation on the ground of cruel and inhuman treatment. Karameros entered an answer denying *inter alia* any cruelty, as well as the allegation of marriage. His answer included an affirmative defense that the ceremonial marriage in 1931 was a nullity. There was also an affirmative defense and a counterclaim for divorce on the ground that Emma

Luther was guilty of adultery. A jury verdict was had on the question of adultery, and it was found that no adultery had been committed. The parties then proceeded to the trial of the separation action. Upon that trial the affirmative defense of the validity of the 1931 marriage was withdrawn on consent. The court then dismissed the separation action on the merits for failure to prove a cause of action for separation. The findings of fact, however, included one to the effect that the parties were duly married in New York in 1931. No appeal was taken therefrom. About a month after the judgment was entered, Karameros moved for an order vacating so much of the findings of fact as determined the parties to be husband and wife, and for leave to reinstate the affirmative defense of no marriage and for a new trial on that issue. This motion was denied by the trial judge on the ground that he lacked authority to alter his judgment in this manner.

It is upon this finding of fact in the separation action that the courts below have relied in denying relief to the plaintiff in the case at bar. They have held that the finding is *res judicata* on the question of marriage between the parties. The principle of *res judicata*, however, when considered in connection with the facts in the case at bar, does not apply to the determination of facts immaterial to the issue decided, and this is true even though such facts have been put in issue by the pleadings. (*Rudd* v. *Cornell*, 171 N. Y. 114.) The prior judgment is conclusive only as to facts which have such a relation to the issue that their determination was necessary to the decision of the issue. (*Griffen* v. *Keese*, 187 N. Y. 454; *House* v. *Lockwood*, 137 N. Y. 259, 268.) The rule that a judgment in one action is conclusive in a later one, not only as to matters actually litigated therein but also as to any that might have been so litigated, has no application here for the reason that the causes of action have not such a measure of identity that a different judgment

in the second would destroy or impair rights or interests established by the first. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 308.)

In the separation action brought by the defendant herein against Louis Karameros, the present plaintiff, it was decided that she had failed to prove acts constituting a cause of action for separation and, therefore, judgment went against her. That was the only material issue decided in the case. It is true that the court made a finding of fact to the effect that the parties were duly married in New York in 1931, despite Karameros' withdrawal of the affirmative defense that the ceremonial marriage in 1931 was a nullity. The question of the marriage, however, as it turned out was not a material issue, and, therefore, the finding in that case is not binding on the court in the case at bar, where the question of marriage is the material issue. The two causes of action are different. The decree in the action for separation, being based on a dismissal of the action because of failure to prove the acts relied on for a separation, there was no necessity for any determination of the validity of the marriage. The latter is the basis of this action.

The defendant urges that the question of marriage was an issue in the separation action since, if she had been successful, it would have been necessary for her to prove not only a ground for separation but also that she and the plaintiff were married. In the separation action, however, the court found against her and decided the case on the basis of the absence of statutory grounds for a separation. Therefore, a finding in her favor on the question of marriage was not at all material to the determination of the case. To a contrary holding it might have been a material issue; to the actual holding it was not at all material. In the case at bar a judgment " is final as to the immediate purpose and object of that action and as to every fact litigated and decided therein, having such a relation to the issue that its determination

*was necessary to the determination of the issue."* (Italics interpolated.) (*Stannard* v. *Hubbell,* 123 N. Y. 520, 531; *Silberstein* v. *Silberstein,* 218 N. Y. 525. See, also, *Rudd* v. *Cornell,* 171 N. Y. 114.) " The estoppel extends to the material facts which are in issue between the parties to the action, and to such as necessarily bear upon, control and are essential to the adjudication made." (*House* v. *Lockwood,* 137 N. Y. 259, 270.)

It follows that the judgments of the courts below should be reversed, without costs, and the case remitted to the Trial Term, with directions to enter judgment declaring the marriage between the parties null and void.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Judgment accordingly.