Benjamin Brenner, J.
The defendant moves to dismiss the complaint pursuant to subdivision 4 of rule 106 and subdivision 4 of rule 107 of the Rules of Civil Practice. The allegations of the complaint, if accepted as true, as they must on this motion (Matis v. Griscom, 64 N. Y. S. 2d 534), sufficiently state a cause of action for annulment. The motion to dismiss, insofar as it is based on subdivision 4 of rule 106 is without merit.
The defendant contends that since she procured a decree of separation in a suit previously brought by her against the plaintiff, there is in existence a final judgment on the merits establishing a valid marital status sufficient to bar this suit for annulment. However, Karameros v. Luther (279 N. Y. 87) is authority to the contrary. It was there held that the rule of conclusiveness of a prior judgment as to matters litigated or which could have been litigated is inapplicable in this situation. In Karameros v. Luther (supra) the prior action for separation, based on cruelty, had been dismissed. It was held not to be material or decisive on the question of validity of the marriage, which was the issue later litigated in an action for annulment. It follows that even where the prior action for a separation results, as it did in this case, in a decree of separation, and the question of a valid marital status is similarly not decisive to a determination of the prior suit, it is not sufficient to bar an action in which such validity is directly and squarely put at issue.
The issue now in dispute, namely, validity of the marriage, had not been involved in the prior suit. According to the facts presented, this plaintiff did not then even have knowledge of the fraud alleged in the instant action and could not consciously have litigated the question in the prior suit. The two causes being entirely different, not only in form but in the rights and interests affected, no estoppel is here involved. (Griffen v. Keese, 187 N. Y. 454.) The motion is denied. Submit order.