James D. Hopkins, J.
The petitioner in a proceeding under article 78 of the Civil Practice Act applies for an order annulling the determination of the Zoning Board of Appeals of the Town of Greenburgh, approving the issuance of a building permit to *1093 one Joseph. Busin. The circumstances presented by this proceeding have been the subject of prior litigation in this court.
On November 30, 1959, Mr. Justice Eager issued an order annulling a determination of the Zoning Board of Appeals, refusing to revoke the building permit granted to the said Joseph Busin, and remanding the proceedings to the board for a determination with findings of fact. After such proceedings were held, the board again denied the application to revoke the building permit. On August 8,1960, Mr. Justice Eager annulled the determination of the board and directed the building permit to be declared null and void. No appeals have been taken from either order of the court.
On August 1,1960, the said Busin applied to the Zoning Board of Appeals for a variance under section 280-a of the Town Law for the issuance of a building permit. After a hearing, the board directed the Building Inspector to issue the permit. This proceeding was then commenced to review the determination of the board.
The question at issue involves the effect of the provisions of section 280-a of the Town Law. Busin sought a building permit to erect a one-family dwelling on premises owned by bim, adjoining the premises of the petitioner. Busin’s property fronts on Elizabeth Street, not a town highway, and has access to Healy Street, a town highway, by way of a strip 15 feet wide and 183 feet long. In the prior litigations, Mr. Justice Eager found that Elizabeth Street did not qualify under section 280-a as a street or highway as therein defined, and that the 15-foot strip was not improved sufficiently to serve as a roadway for access to the premises.
The petitioner now argues that the determination of the Zoning Board of Appeals must be annulled because the orders of Mr. Justice Eager are res judicata, and that the determination is not supported by sufficient evidence or factual findings. The respondent claims, however, that the order of Mr. Justice Eager. rested on a consideration of Elizabeth Street which is now shown by the record in this proceeding not to be borne out by the facts. The respondent contends that for the first time in this proceeding, Elizabeth Street was proved to be a street shown on a plat filed in. the office of the County Clerk on October 15, 1907 as Map No. 1753, and on a revised map filed as Map No. 3912, approved by the Planning Board on August 3, 1932. They thus urge that the Zoning Board of Appeals had jurisdiction to entertain Busin’s application and to grant the building permit.
The petitioner in turn argues that the status of Elizabeth Street is inconsequential under the doctrine of res judicata, *1094 since it embraces all matters involved in the prior decisions, whether actually litigated or considered.
We must first observe that there is a difference in the issues presented between the two proceedings before Mr. Justice Eager and the present proceedings. In the two proceedings before Mr. Justice Eager the issue before the court was whether the premises owned by Busin were served by a street or highway as those terms are defined in section 280-a. If, as Mr. Justice Eager held, the premises were not so served, then the Building Inspector had no authority to issue the permit. In the present proceeding, however, the issue is whether the application by Busin to the Zoning Board of Appeals for a variance on the ground of practical difficulty or unnecessary hardship pursuant to section 280-a was providently granted. It is implicit in the making of such an application that the statute prohibits the use of the premises that the application for the variance seeks (cf. Kaufman v. City of Glen Cove, 180 Misc. 349, 360, affd. 266 App. Div. 870; Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222). Hence, the bar of res judicata does not operate to preclude the determination of such findings as the Zoning Board of Appeals might make to support the granting of the variance (Rudd v. Cornell, 171 N. Y. 114, 128; Karameros v. Luther, 279 N. Y. 87, 91; House v. Lockwood, 137 N. Y. 259, 268),
Thus, in the first proceedings the owner presumed to obtain a permit on the ground of right; in the present proceeding the owner sought a permit as a matter of discretion, The principle of res judicata does not apply here, “ when the two causes of action are different, not in form only (Baltimore S. S. Co. v. Phillips, supra [274 U. S.], p. 321), but in the rights and interests affected. The estoppel is limited in such circumstances to the point actually determined ” (Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp., 250 N. Y, 304, 307).
The petitioner alleges, in addition, that Busin’s attorney at the hearing before the board withdrew any question of hardship. Although the transcript of the record indicates that the attorney so stated, at a later point in the proceedings the attorney stated that he submitted that question to the board. The petitioner also presents proof that the findings that Elizabeth Street is as shown on the maps above referred to is inaccurate. Under these circumstances, it is necessary that evidence be taken pursuant to section 267 of the Town Law, which supplies the procedure to be followed under a review of determination made under section 280-a, as to the physical facts concerning the status and condition of Elizabeth Street, and whether, because of these facts or related facts, there is any practical difficulty or unnec *1095 essary hardship, or the circumstances of the case do not require the house to be related to existing or proposed streets and highways.
Submit order on notice providing for the taking of such evidence before an Official Referee and to report the same with his findings of fact and conclusions of law (cf. Matter of Joynt v. King, 6 A D 2d 234, 239).