NICHOLAS COPPOLA et al., Respondents, *v.* TIDEWATER OIL COMPANY, Appellant.

First Department, December 17, 1963.

*Richard E. Shandell* of counsel (*Desmond T. Barry* with him and the brief; *Barry, Treanor, Shandell & Brophy,* attorneys), for appellant.

*Benjamin Levin* of counsel (*Liflander & Levin,* attorneys), for respondents.

STEUER, J. Plaintiffs are the owners of the property located at 3840 Boston Post Road. It is improved as a gas station. The property was leased under a written lease which in 1959 was assigned to defendant. At that time, and at all times since, the gas station was sublet to an operator. The sublease was also assigned and on February 8, 1962, the sublessees were Arnone and Lona. On that day the station was destroyed by fire.

The lease contained the usual clause that in the event of damage by fire amounting to total destruction without the fault of the tenant, the lease shall come to an end or, if the landlord shall decide to rebuild within a reasonable time, the lease shall continue but the rent shall be apportioned.

No rent was paid after the fire and the plaintiffs brought a proceeding in the Municipal Court for dispossess for nonpayment of rent. Defendant did not appear in the proceeding, claiming that it was not properly served. The subtenants

appeared and defended. Evidence was taken as to the cause of the fire and whether that cause was the fault of the subtenants. A judgment was entered for the landlord for $1,100 (representing rent for the months of April and May, 1962) and costs. The judgment does not state against which defendants it was rendered.

Subsequently this action was started in the Supreme Court to recover damages to the realty. Plaintiffs moved for summary judgment and defendant cross-moved for the same relief. The court granted plaintiffs' motion on the grounds that defendant had been properly served in the Municipal Court and hence was bound by the judgment, and that the defendant is estopped by the judgment from contesting the fact of its liability for the fire. The court directed an assessment of the damage.

We assume for the purposes of this appeal that the service on the defendant in the Municipal Court was valid. And we come directly to the question of whether the judgment rendered in that court precludes the defendant from contesting liability. In this connection we note that Special Term interpreted the judgment as awarding possession to the plaintiffs and the judgment for rent against the subtenants only.

A judgment in a prior action between the same parties operates as an estoppel only as to such facts as were decided in the earlier action and, in addition, only when those facts were necessary to the decision in that action (*Rudd* v. *Cornell,* 171 N. Y. 114; *Karameros* v. *Luther,* 279 N. Y. 87). The only adjudication made in the Municipal Court as against this defendant was that the plaintiffs were entitled to possession of the property. As the lease provided that it was to terminate in the event of a destructive fire, plaintiffs would be entitled to possession without regard to the cause of the fire. Consequently, the only essential facts were the existence of the lease, the extent of the destruction, and plaintiffs' election not to rebuild.

It is true that the provisions of the lease in regard to its termination through destruction by a fire refer only to damage occurring without fault of the tenant. From this plaintiffs argue that the adjudication for rent is a determination that the fire resulted from the fault of the tenant, else there would be no right to rent. This reasoning is faulty. In the first place, there was no adjudication that this defendant was liable for the rent. Secondly, the right to rent after a destructive fire does not depend solely on the fault of the tenant in causing the fire. A tenant who insists on his right to occupancy despite the condition of the premises and contests the landlord's right to possession remains liable until he is ousted (*Smith* v. *Kerr,* 108 N. Y.

130

31; *Johnson* v. *Pemberton,* 197 Misc. 739). It is significant here that the only judgment for rent was against the subtenants who were in possession. It therefore appears that there was no adjudication that this defendant was at fault in causing the fire.

The cross motion is based on the contention that defendant would in no event be liable for the negligence of its subtenants in causing the fire, assuming that they were so negligent. This would depend on a number of contested facts giving rise to mixed questions of law and fact. The cross motion was properly denied.

The order should be modified by striking out the provisions for judgment for plaintiffs and denying plaintiffs' application for summary judgment, and, as so modified, affirmed with costs to appellant.

RABIN, J. P., McNALLY and STEVENS, JJ., concur.

Order, entered on September 24, 1963, unanimously modified by striking out the provisions for judgment for plaintiffs and denying plaintiffs' application for summary judgment, and, as so modified, affirmed with $20 costs and disbursements to appellant.