In the Matter of JOAN MENNA, Appellant, v DANIEL W. JOY, as Deputy Commissioner of the Office of Rent and Housing Maintenance of the Department of Housing Preservation and Development of the City of New York, et al., Respondents.

First Department, April 13, 1982

### APPEARANCES OF COUNSEL

*Joseph Aronauer* for appellant.

*Mitchell Falber* of counsel (*Michael Mantell,* attorney), for Stahl Associates Co., respondent.

*Robert B. Neuwirth* of counsel (*Harry Michelson,* attorney), for Daniel W. Joy, respondent.

### OPINION OF THE COURT

SILVERMAN, J.

This is an appeal from a judgment of the Supreme Court, New York County, Special Term, dismissing a CPLR article 78 proceeding.

Petitioner tenant occupies an apartment which is subject to rent control under New York City Rent and Eviction Regulations.

The proceeding before respondent rent commissioner was a challenge by petitioner tenant of a maximum base rent (MBR) order under the New York City rent regulations insofar as it determined that petitioner's apartment consisted of four rooms rather than three. The rent commissioner having previously made a determination that the apartment consisted of four rooms, the issue presented is whether under principles of *res judicata* and collateral estoppel (issue preclusion) the tenant is precluded by that prior determination from contending that her apartment is a three-room apartment. We hold that the tenant is not so precluded and that the rent commissioner should determine the question on the merits.

In October, 1970 respondent landlord filed an application for "Compensatory Rent And Labor Cost Adjustment" with respect to the apartment. In this application the landlord claimed that the maximum rent as of August 1, 1970 was $204.78, and as of April 21, 1971 was $212.66. In the description of the apartment, the landlord stated that the apartment had four rooms.

The tenant filed an answer to the application in which she contended, essentially, that the maximum rent as of August 1, 1970 should be $196.90 and that she did not understand the proposed increases. She added the notation "Also this is a 3 room apt - not 4 as listed in part 1." The rent commissioner caused an inspection of the apartment to be made and the inspectors reported a four-room apartment. (There appears to be no dispute as to the physical layout but merely whether the living room and dining room areas should be counted as one room or two rooms.) The district rent director mailed a "Notice Of Commencement Of Proceeding To Determine Facts Or Fix Maximum Rent," dated June 14, 1971, which merely called upon the landlord to submit certain additional information "[i]n regard to tenant's challenge to the room count." The landlord submitted additional information, and on August 17, 1971, the district rent director made an "Order Determining Facts Or Fixing Maximum Rent," in which he "estab-

lishes" that the maximum rent on July 31, 1970 was $192.15 per month; that the maximum rent on August 1, 1970 was $199.84; and "[f]inds that the subject unit consists of (4) four rooms within the definition of room count under Section 23 of the Regulations." This order of August 17, 1971 is the order which the rent commissioner later held to be *res judicata* (collateral estoppel) on the number of rooms in petitioner's apartment.

Under date of April 6, 1973 the rent commissioner issued a maximum *base* rent order with an effective date of January 1, 1972, in which he fixed the MBR at $306.18. (The MBR is the ceiling to which the maximum collectible rent may be permitted to rise by annual 7½% increases and other adjustments. In many cases, and in the present case, the MBR exceeds the actual then maximum collectible rent, e.g., here, according to the MBR order of April 6, 1973, the maximum collectible rent as of January 1, 1972 was $228.61, while the MBR was fixed at $306.18.) In the description of the apartment in that order, the number or rooms is stated to be four. The tenant challenged this MBR order. Under date of May 28, 1974, the district rent director sustained the order. The tenant protested the order, apparently by way of administrative appeal, and respondent rent commissioner issued an order and opinion dated February 22, 1977, in which he held that, although the physical inspections at protest tend to indicate that the prior determination of the district rent director was in error, since that determination was not timely protested it became final and binding, and, therefore, the apartment was deemed to contain four rooms, and tenant's protest was denied. Tenant attacks this determination by the present CPLR article 78 proceeding. (For reasons which do not affect this appeal, this proceeding was not instituted until May, 1980.)

In our analysis we shall apply to this administrative proceeding the same principles that would govern analogous questions of collateral estoppel if a previous court determination were involved.

The August 17, 1971 order (analogous to the first judgment in court actions involving questions of collateral estoppel) appears to be the determination of the proceeding

begun by the landlord's application for "Compensatory Rent And Labor Cost Adjustment". On the law as it stood in 1971, it appears to be undisputed that the determination of the number of rooms was not essential to that determination of the landlord's application and the fixing of maximum rent. In such circumstances, collateral estoppel does not apply to the finding of the number of rooms. A finding of fact in an earlier proceeding, even though put in issue by the pleadings, is not binding in a later proceeding, if the finding of fact was not essential to the determination of the earlier proceeding. (*Silberstein v Silberstein,* 218 NY 525; *Karameros v Luther,* 279 NY 87.)

It is suggested that the "Proceeding To Determine Facts Or Fix Maximum Rent" was a separate, independent proceeding insofar as it related to determination of facts, and thus the determination that the apartment consisted of four rooms was not immaterial to the determination of that proceeding, it being the precise objective of that proceeding. It is true that a paper called "Notice Of Commencement Of Proceeding To Determine Facts Or Fix Maximum Rent" dated June 14, 1971 was issued and served by the district rent director. Obviously no layman can be expected to appreciate the subtle concept of a separate proceeding as distinct from a continuation of an already pending proceeding. Nor can an incidental statement in the answer in the pending proceeding that "this is a 3 room apt - not 4" be fairly deemed a conscious institution by the tenant of a separate proceeding. We note — though the tenant undoubtedly did not — that the "Notice Of Commencement Of Proceeding", etc. has the same docket number as the proceeding on the application for "Compensatory Rent And Labor Cost Adjustment", i.e., 2ADTC 1685. Further the "Notice Of Commencement Of Proceeding", etc., states that it "refers to items of Application Form A-23 which your tenant challenges." Application Form A-23 is the landlord's application for "Compensatory Rent And Labor Cost Adjustment". The "Notice Of Commencement Of Proceeding To Determine Facts Or Fix Maximum Rent" is a printed form that would seem to be equally applicable to the proceeding to fix rent. The only determination (corresponding to a judgment) of the application for "Compensa-

tory Rent And Labor Cost Adjustment" is the order "Determining Facts Or Fixing Maximum Rent" of August 17, 1971, which also determined that the apartment consists of four rooms, and which is the order relied upon as constituting a binding adjudication as to the number of rooms.

If this is a separate proceeding to determine the number of rooms in the apartment, it is a peculiar kind of declaratory judgment proceeding. The courts would probably not entertain a declaratory judgment proceeding to determine the number of rooms in an apartment in the absence of a showing that some jural consequence would flow from such a determination. Here there was no such showing.

In the circumstances, we do not think that the "Notice Of Commencement Of Proceeding", etc., can fairly be deemed the institution of a separate proceeding.

If this "Notice Of Commencement Of Proceeding", etc., were indeed intended as the commencement of an independent proceeding, we would have to hold that it so lacked elements of quasi-judicial due process that it could not be considered a quasi-judicial proceeding entitled to *res judicata* or collateral estoppel effect. To begin with it is not even clear that the "Notice Of Commencement Of Proceeding", etc., was ever sent to the tenant. The back of the form, which we have quoted, refers to items which "your tenant" challenges. This surely suggests that the form is only addressed to the landlord. Nowhere in that notice is there any provision calling upon the tenant to do anything, or suggesting to the tenant that the tenant was required to submit any proofs, or that the tenant would be given an opportunity to be heard. And there is nothing in the record submitted to us to indicate that the tenant in fact was heard beyond the informal statement that we have quoted attached to the tenant's answer to the original application for "Compensatory Rent And Labor Cost Adjustment", or even that the tenant was informed of the answer or information submitted by the landlord.

Petitioner is not precluded on principles of collateral estoppel from contending in the MBR proceeding that her apartment consists of only three rooms.

The judgment of the Supreme Court, New York County (CAHN, J.), entered February 3, 1981 dismissing a CPLR

article 78 proceeding, should be reversed, on the law, without costs, the determination of respondent rent commissioner dated February 22, 1977 denying the protest of petitioner of a maximum base rent order of April 6, 1973, should be annulled insofar as it relates to this petitioner, and the matter remanded to respondent rent commissioner for determination on the merits.

SANDLER, J. P., MARKEWICH and BLOOM, JJ., concur.

Judgment, Supreme Court, New York County, entered on February 3, 1981, unanimously reversed, on the law, without costs and without disbursements, the judgment vacated, the determination of respondent rent commissioner dated February 22, 1977 denying the protest of petitioner of a maximum base rent order of April 6, 1973 annulled insofar as it relates to the petitioner herein, and the matter remanded to respondent rent commissioner for determination on the merits.