OPINION OF THE COURT
Con. G. Cholakis, J.
The second cause of action contained in the plaintiff’s complaint seeks damages against the defendant B., Sr., the father of defendant B., Jr., and is based upon section 3-112 of the General Obligations Law. Briefly, it is alleged that B., Jr., willfully, maliciously and unlawfully destroyed the plaintiff’s personal property, an automobile, and that by reason of the statute, B., Sr., the parent, is liable for damages in the maximum amount of $1,500. Before the court is B., Sr.’s motion for summary judgment dismissing the plaintiff’s second cause of action. In support of this motion it is argued that the defendant B., Jr., has made restitution to the plaintiff and that, accordingly, there is a complete defense to the plaintiff’s claim based upon the General Obligations Law.
Section 3-112 of the General Obligations Law, in pertinent part, reads as follows: “the parent or legal guardian * * * having custody of an infant over ten and less than eighteen years of age, shall, if such infant willfully, maliciously or unlawfully damages of destroys real or personal property * * * be held liable for such damage or destruction * * * In no event, shall such liability under this section be *751 in excess of the sum of one thousand five hundred dollars. It shall be a defense to any action brought hereunder that restitution has been made pursuant to section seven hundred fifty-eight-a of the family court act or paragraph (f) of subdivision two of section 65.10 of the penal law” (emphasis supplied).
Here it is claimed that the damages to the plaintiff’s automobile approximated $2,500 in value. Further, it is established upon the motion that in connection with the incident defendant B., Jr., paid restitution in the sum of $479.21 as ordered by the Town Justice of the Town of North Greenbush upon his pleading guilty to being a youthful offender. This amount, paid to the plaintiff, reimbursed him for his insurance deductible and certain other uninsured items of damage. It appears clear from the submitted papers that the amount paid by B., Jr., did not equal the total damage caused by his unlawful act. .
It is further conceded by all parties that B., Jr., was ordered to pay the stated sum pursuant to the authority granted to the court by section 65.10 (subd 2, par [g]) of the Penal Law (par [f] having been relettered [g] by L 1980, ch 471, § 22, eff July 23, 1980). In pertinent part that section provides:
“Conditions relating to conduct and rehabilitation. When imposing a sentence of probation or of conditional discharge, the court may, as a condition of the sentence, require that the defendant * * *
“Make restitution of the fruits of his offense or make reparation, in an amount he can afford to pay, for the loss or damage caused thereby” (emphasis supplied).
The question is thus presented — is restitution a complete defense when the amount paid is less than the actual value of the damages suffered?
While there is no direct authority upon the question, in this court’s view it must be answered in the negative.
The statute imposing liability upon a parent for an offspring’s acts seems to have two purposes (1) to create a limited source of compensation to property owners for damage to their property and (2) to compel parents to supervise their children more closely.
*752 There is no question, in this court’s view, that an innocent party, injured by the unlawful conduct of another, ought to be compensated for his injury and that the primary source of his compensation is, and should be, the person who caused the injury, in this case, B., Jr. Recognizing the obvious inability of the average infant to answer financially for his misdeeds, the Legislature chose to impose liability upon an infant’s parents to answer, at least partially, for the actions of their child.
Assuming that plaintiff’s allegations are correct, he has not been completely compensated for the damages inflicted upon him by B., Jr. He has only been partially compensated by the money paid pursuant to court order. The amount of the court-ordered compensation being limited, by statute, to that amount which B., Jr., could afford to pay. In the eyes of the law, the plaintiff still remains an injured person who is entitled to recover for the balance of his damages. He therefore has two sources available to him: (1) the actual wrongdoer (B., Jr.) with no statutory monetary limitation, and (2) the actual wrongdoer’s parent (B., Sr.) with a statutory monetary limitation of $1,500.
The determination of the Town Justice that B., Jr., should pay $479.21 to plaintiff as a condition of receiving a sentence of probation or of conditional discharge does not bind plaintiff or prevent him from suing B., Jr., to recover for the balance of his damages. How, then, can this partial restitution by B., Jr., act as a defense to B., Sr.’s obligation under section 3-112 of the General Obligations Law.
In this court’s judgment it cannot.
To give effect to defendant’s interpretation to the defense contained within the quoted section, would allow a parent to escape total responsibility any time a criminal court orders his child to make restitution in an amount which the child can afford to pay, even if that amount only represents a small fraction of the total damages caused to an innocent party.
A parent’s responsibility is separate and distinct from that of his child. He is obligated to reimburse an injured party to the full extent of that party’s damages up to a maximum of $1,500, and is entitled to benefit from any court-ordered restitution only to the extent by which it *753 reduces the actual damages thereafter remaining unpaid below his statutory liability. In other words, if the amount of the actual damages remaining unpaid, after partial restitution, exceeds $1,500, the parent receives no benefit from his son’s payment.
An innocent party, however, cannot recover twice for a single injury (i.e., once from B., Jr., and again from B., Sr.), and, therefore, a parent would be totally free from liability if his errant child made complete restitution. Since this is an accepted principle of law, it seems, at first, that it was unnecessary to have specifically set forth the defense contained in section 3-112 of the General Obligations Law, particularly if its total purpose was merely to affirm that one may not twice recover.
Upon reflection, however, the court is of the opinion that the stated defense is contained within the statute to prevent an injured plaintiff from claiming he is entitled to a judgment against a parent, not for restitution, but solely to enforce the second purpose of the statute, i.e, to compel the parent to supervise his children more closely in the future.
Defendant’s motion for summary judgment is denied.