OPINION OF THE COURT
George E. Wade, Jr., J.
By notice of motion dated January 28,1985, defendant moves for an order pursuant to CPLR 3211 (a) (5), dismissing the complaint herein, on the ground that said action is barred by reason of collateral estoppel, or, in the alternative, that defendant be awarded summary judgment pursuant to CPLR 3212, and, for a further order of preclusion for failure to serve a bill of particulars pursuant to a demand dated December 6, 1984.
Defendant alleges that she was arrested January 18,1983, on the complaint of the plaintiff herein, for violation of Penal Law §§ 145.05, 155.30 and 165.40. After trial before the Honorable Robert Keating, a Judge of the Kings County Criminal Court, defendant was found guilty on October 24, 1984, of criminal trespass, a violation, and was sentenced to a conditional discharge, one year, and was ordered to pay restitution in the amount of $175 tc- the plaintiff.
The within action was commenced by the plaintiff, pro se, by service of the summons and complaint upon the defendant on or about January 5, 1984. The plaintiff claims in this action that the defendant entered plaintiff’s apartment without permission and destroyed some of her property. The matter was set for trial on February 27,1984, but was marked “off” on that day because of the failure of the parties to appear. The action was subsequently restored to the calendar as of April 18,1984, by order of *561 the Honorable Joseph Slavin, dated March 26, 1984. Trial was thereafter set for May 11,1984, and after several adjournments the plaintiff was awarded a default judgment after inquest, on September 7, 1984, by the Honorable Jessica Zucker in the amount of $2,500 with interest and disbursements. Defendant’s motion to open her default in appearing and to vacate the judgment was granted by the Honorable Michael Feinberg, by order dated November 1, 1984, to the extent of staying the execution or enforcement of the judgment, and defendant was ordered to file an answer on or before November 26, 1984. Defendant’s answer, filed on November 26, 1984, contained the affirmative defense of collateral estoppel and two counterclaims. The matter was thereafter placed on the calendar of January 8, 1985, and was adjourned to March 5,1985, but was dismissed on the latter date because of the nonappearance of both parties.
It appears to this court that the failure to appear on the last adjourned date, March 5, 1985, was inadvertent on the part of both parties. In any event a motion by the pro se plaintiff to vacate the dismissal and to restore the action to the calendar would surely be granted under such circumstances. Accordingly, in the interest of justice and on the court’s own motion, the dismissal of March 5, 1985 is hereby vacated and the matter is hereby restored to the calendar of this court.
THE MOTION TO DISMISS BASED ON COLLATERAL ESTOPPEL
Defendant contends that the present action is barred by the rule of collateral estoppel in that the sentence of one-year conditional discharge, with restitution of $175, was a finding and determination of plaintiff’s right to compensation for damages to her property caused by the defendant. For defendant to argue thusly she must admit liability, or it must appear that the issue of liability was resolved in favor of plaintiff in the criminal case. It is only the question of damages which defendant claims collaterally estops plaintiff from pursuing this case further.
In defendant’s affidavit in support of the motion she admits that “the criminal charge against me involved my conduct on January 18, 1983, and the same property, as well as the same issues as would be raised in the instant action if plaintiff were improperly permitted another opportunity to litigate this matter.” Her affirmative defense states, in part, “said criminal proceeding involved the same alleged course of events occurring on or about January 18, 1983, referred to by plaintiff in the complaint herein.” Consequently, the court must conclude that defendant admits that the underlying facts of the criminal *562 conviction are the same upon which the plaintiff relies in this civil action. While it is generally held that a judgment in a criminal case is not a bar to a subsequent civil action based on the same underlying facts (People v Goldstein, 79 Misc 2d 996; Town of lslip v Powell, 78 Misc 2d 1007), a criminal conviction is conclusive of the underlying facts upon which the criminal conviction is based in a subsequent civil action (S. T. Grand, Inc. v City of New York, 32 NY2d 300; Read v Sacco, 49 AD2d 471).
It is clear that for the rule of collateral estoppel to apply within the circumstances of this case there must be an identity of issue which has necessarily been decided in the criminal action and is decisive of the present action, and there must have been a full and fair opportunity to contest the issue now said to be controlling (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 71; Ryan v New York Tel. Co., 62 NY2d 494, 501).
In order to determine whether the issue raised in this action (the amount of damages due to plaintiff) was an issue that was “necessarily” decided in the criminal action, so as to preclude relitigation of that issue in the present action, it must appear that the finding of restitution in the criminal action was a finding that was essential or necessary to the judgment in that case. (House v Lockwood, 137 NY 259, 270; Karameros v Luther, 279 NY 87, 91; Hinchey v Sellers, 7 NY2d 287, 293). As stated in Rudd v Cornell (171 NY 114,128) the former judgment “is final only as to such facts as are litigated and decided, which have such a relation to the issue that their determination was necessary to the determination of that issue.”
Restitution is permitted in a criminal case as a discretionary option for the court in sentencing. It does not create a debtor/ creditor relationship between the persons making and receiving the restitution (People v Mosesson, 78 Misc 2d 217; People v Topping Bros., 79 Misc 2d 260). Defendant’s reliance on People v Thigpen (60 AD2d 860) is misplaced. A careful reading of that case indicates that the court required the confession of judgment entered into by the defendant as restitution in that case, be based upon findings of the sum actually due, with appropriate allowances as required by CPLR 3218. There is a difference between restitution and a confession of judgment. Further, Penal Law § 60.27 (6) specifically states that payment of restitution “shall not limit, preclude or impair any liability for damages in any civil action or proceeding for an amount in excess of such payment”. (See also, A. v B., 121 Misc 2d 750.)
Consequently, there has been no showing sufficient for the application of the rule of collateral estoppel that restitution in *563 the criminal action barred the maintenance of the present action. Therefore, the motion to dismiss the complaint on that ground is denied.
THE MOTION FOR SUMMARY JUDGMENT
Defendant relies upon CPLR 3212 (b) for her application for summary judgment. That section provides that a motion for summary judgment “shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party.” By this motion defendant asserts that her affirmative defense of collateral estoppel entitles her to judgment as a matter of law. As the court has pointed out, the affirmative defense of collateral estoppel has not been sufficiently demonstrated to such an extent that would require the court to direct judgment in favor of the defendant. On the contrary, it appears to this court that it has been firmly established that the question of liability rests in favor of the plaintiff and therefore summary judgment in favor of plaintiff is hereby granted' (CPLR 3212 [b]).
Accordingly, the plaintiff’s action is hereby severed from the defendant’s counterclaim (CPLR 3212 [e]) and said action is set down for an assessment of damages at Part 31 of this court, on the 18th day of July 1985, at 9:30 a.m.
The within constitutes the decision and judgment of the court.